**In UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK**

Joshua Conklin,

      Plaintiff,

  v.                No. 14-CV-1098
                     (GLS/CFH)

M. Bowen, Sergeant, Mid-State
Correctional Facility; T. Gavin,
Corrections Officer, Mid-State
Correctional Facility; J. Dooley,
Corrections Officer, Mid-State
Correctional Facility; and
Doctor Ramineni, Mid-State
Correctional Facility,
      Defendants.

**CHRISTIAN F. HUMMEL
U.S. MAGISTRATE JUDGE**

**APPEARANCES:**        **OF COUNSEL:**

Joshua Conklin
Plaintiff <u>Pro</u> <u>Se</u>
200401461
Orange County Jail
110 Wells Farm Road
Goshen, New York 10924

Hon. Eric T. Schneiderman      James Seaman, Esq.
Attorney General for the       Assistant Attorney General
 State of New York
The Capitol
Albany, New York 12224-0341
Attorney for Defendants

# REPORT-RECOMMENDATION AND ORDER[1]

---

[1] This matter was referred to the undersigned for report and recommendation pursuant to 28 U.S.C. § 636(b) and N.D.N.Y.L.R. 72.3(c).

In this pro se action, plaintiff asserts claims arising out of an incident which occurred on August 17, 2012, while he was incarcerated at Mid-State Correctional Facility. Dkt. No. 1 ("Compl.") at 3-7. Plaintiff alleges that defendants M. Bowen, T. Gavin, and J. Dooley used excessive force against him in violation of the Eighth Amendment, inflicting numerous injuries. Id. at 3-6. Plaintiff further alleges that defendant Dr. Ramineni violated his Eighth Amendment rights when he denied plaintiff proper medical care for his injuries. Id. at 7. Presently pending is defendants' motion to dismiss for failure to prosecute pursuant to Federal Rule of Civil Procedure ("Fed. R. Civ. P.") 41, and for the imposition of sanctions pursuant to Fed. R. Civ. P. 37, for plaintiff's repeated failure to appear for scheduled depositions, and failure to attend a scheduled court conference. Dkt No. 37. Plaintiff filed a response to the motion. Dkt. No. 39. On December 3, 2015, defendants filed a reply. Dkt. No. 40. For the reasons set forth below, it is recommended that defendants' motion to dismiss for failure to prosecute be denied, and that defendants motion seeking the imposition of monetary sanctions be granted.

**I. Background**

Plaintiff commenced this action on September 5, 2014. See Compl. On February 4, 2015, the Court issued an order which provided, among other things, that all discovery be completed by August 5, 2015. Dkt. No. 13 at 5. That order further provided that "[t]he failure of plaintiff(s) to attend, be sworn, and answer appropriate questions may result in sanctions, including dismissal of this action pursuant to Fed. R. Civ. P. 37." Id.

The Court sent mail to plaintiff at Collins Correctional Facility that was returned on June 12, 2015 as undeliverable, with the note on the envelope stating: "Paroled 5/21/15."

Dkt. No. 28. On June 15, 2015, plaintiff filed a notice of change of address. Dkt. No. 29.

On June 23, 2015, defendants mailed a notice of deposition to plaintiff scheduling his deposition for July 14, 2015. Affirmation of James J. Seaman, Esq. (Dkt. No. 37-1) ("Seaman Aff.") ¶ 8. That mailing was not returned to defendants. Id. Plaintiff failed to appear for the scheduled deposition. Id. ¶ 10. Defendants received an invoice from the court reporting service in the amount of $150.00. Id. ¶ 11.

On July 14, 2015, defendants mailed a second notice of deposition to plaintiff scheduling his deposition for July 31, 2015. Dkt. No. 37-8 at 2-3. The cover letter sent with the notice of deposition advised plaintiff that his "[f]ailure to appear and be sworn can result in sanctions, up to and including dismissal of [his] case." Id. at 1.

Plaintiff failed to appear for his deposition on July 31, 2015. Seaman Aff. ¶ 14. Defendants received an invoice from the court reporting service in the amount of $150.00 for court reporting services rendered on July 31, 2015. Id. ¶ 15.

On July 31, 2015, defendants filed a letter motion seeking an extension of the discovery and dispositive motion deadlines, and an order directing plaintiff to appear for a deposition. Dkt No. 30. On August 5, 2015, the Court issued a text order extending the discovery and dispositive motion deadlines. Dkt. No. 31. The Court also issued a text notice scheduling a discovery conference for August 18, 2015. Dkt. No. 32. That notice advised plaintiff "that failure to participate in the conference may result in dismissal of this action." Id. A copy of that notice was served on plaintiff by regular mail. Id.

Plaintiff failed to participate in the August 18, 2015 discovery conference. Dkt. Entry Dated August 18, 2015. The Court issued a text order which again advised plaintiff that his failure to appear for his deposition and participate in court conferences may result in the

dismissal of this action. Dkt. No. 33.

On August 27, 2015, defendants mailed a third notice of deposition to plaintiff at the address that he had provided to the court. Seaman Aff. ¶ 19. The deposition was scheduled for September 30, 2015. Id. Defendants appeared for the deposition with a court reporter. Id. ¶ 22. Plaintiff failed to appear for the deposition. Id. The court reporter sent defendants an invoice for $150.00. Id. ¶ 24.

On October 13, 2015, plaintiff filed a notice of change of address advising that he is currently incarcerated at the Orange County Jail. Dkt. No. 35. On October 30, 2015, the Court conducted an on-the-record conference. Dkt. Entry Dated November 2, 2015. Plaintiff participated in that conference by telephone from the Orange County Jail. Id. A text order was issued on November 2, 2015 that, among other things, stayed the discovery and dispositive motion deadlines pending a decision on this motion. Dkt. No. 38.

## II. Discussion[2]

Fed. R. Civ. P. 41 provides that a court may dismiss an action "[i]f the plaintiff fails to prosecute or to comply with [the Federal Rules of Civil Procedure] or a court order[.]" FED. R. CIV. P. 41(b); see Link v. Wabash R.R. Co., 370 U.S. 626, 630 (1962); Baptiste v. Sommers, 768 F.3d 212, 216 (2d Cir. 2014); see also N.D.N.Y.L.R. 41.2(b). Since a dismissal under Rule 41(b) "is a harsh remedy . . . [it] is appropriate only in extreme situations." Lucas v. Miles, 84 F.3d 532, 535 (2d Cir.1996) (citation omitted). Furthermore, where the plaintiff is appearing pro se, "courts 'should be especially hesitant to dismiss for

---

[2] All unpublished opinions cited to by the Court in this Report-Recommendation and Order are, unless otherwise noted, attached to this Report-Recommendation and Order.

procedural deficiencies . . . .'" Spencer v. Doe, 139 F.3d 107, 112 (2d Cir.1998) (quoting Lucas, 84 F.3d at 535); see also Triestman v. Fed. Bureau of Prisons, 470 F.3d 471, 477 (2d Cir.2006) (stating that a pro se litigant is entitled to "special solicitude"). A determination of whether to dismiss an action pursuant to Rule 41(b) involves consideration of:

> (1) the duration of the plaintiff's failure to comply with the court order, (2) whether plaintiff was on notice that failure to comply would result in dismissal, (3) whether the defendants are likely to be prejudiced by further delay in the proceedings, (4) a balancing of the court's interest in managing its docket with the plaintiff's interest in receiving a fair chance to be heard, and (5) whether the judge has adequately considered a sanction less drastic than dismissal.

Lucas, 84 F.3d at 535 (citing Jackson v. City of New York, 22 F.3d 71, 74 (2d Cir.1994)) (additional citation omitted).

Plaintiff filed the complaint in this action on September 5, 2014. See Compl. As such, over nineteen months have elapsed since the filing of this action, yet only very limited discovery has been completed.

On February 4, 2015, the Court issued an order that, among other things, advised plaintiff that his failure to appear for a deposition could result in the imposition of sanctions, including dismissal of this action. Dkt. No. 13 at 5. On July 23, 2015, defendants mailed a notice of deposition to plaintiff with a cover letter advising him that the failure to appear for the deposition and answer questions could result in the imposition of sanctions, including dismissal of this matter. Dkt. No. 37-8 at 1. On August 5, 2015, and August 18, 2015, this Court again advised plaintiff that his failure to participate in court conferences may lead to the dismissal of this action. Dkt. Nos. 32, 33. Both notices were mailed to plaintiff at the address that he provided to the Court. Id. As such, plaintiff has repeatedly been advised of

-5-

the consequences of his failure to appear for a deposition, or attend court conferences.

Plaintiff has repeatedly failed to appear for his scheduled deposition. Seaman Aff. ¶¶ 10, 14, 22. As a result of those failures, defendants have been denied access to information needed to prepare their defense in this matter. See Shannon v. Gen. Elec. Co., 186 F.3d 186, 195 (2d Cir.1999) ("[D]elay by one party increases the likelihood that evidence in support of the other party's position will be lost and that discovery and trial will be made more difficult.") (citation omitted). Plaintiff's failure to appear for his deposition has significantly delayed the resolution of this matter, thereby contributing to court congestion.

The final consideration is whether there is a sanction less drastic than dismissal.[3] Lucas, 84 F.3d at 535. A dismissal is a particularly harsh remedy, especially when invoked against a pro se plaintiff. Spencer, 782 F. 2d at 112; see also Sec. and Exch. Comm'n v. Research Automation Corp., 521 F. 2d 585, 588-89 (2d Cir. 1975). Mindful of the principles of law pronounced above, the Court finds that the dismissal of plaintiff's complaint is a harsh and drastic remedy. In plaintiff's response to the pending motion, he alleges that, during much of the time that defendants were attempting to schedule his deposition, he had been "kicked out" of his family's residence. Dkt. No. 39. It appears that sometime during the summer of 2015, he was placed in the "bridges houseing [sic] in newburgh" where he remained until September 2015. Id. Plaintiff was allegedly arrested on September 15, 2015 and has been incarcerated in the Orange County Jail since that date. Seaman Aff. ¶ 26. In view of plaintiff's housing situation, and because he has remained in contact with the

---

[3] Defendants request, in the alternative, that dismissal and sanctions be considered under Rule 37 for plaintiff's failure to attend the scheduled depositions. Dkt. No. 37-17 at 8-11. Since "courts consider the same factors applicable to Rule 41(b) when considering dismissal pursuant to Rule 37[,]" no additional analysis is needed. Barney v. Consol. Edison Co. of N.Y., No. 99-CV-823 (DGT), 2006 WL 4401019, at *16 (E.D.N.Y. July 19, 2006) (citation omitted).

Court since he filed a notice of change of address on October 13, 2015, (Dkt. No. 35), the Court finds that the imposition of a monetary sanction is appropriate. As a result of plaintiff's repeated failure to appear for his deposition, defendants have incurred court reporter fees totaling $450.00. Seaman Aff. ¶ 24. After consideration of the expenses incurred by defendants, while remembering that plaintiff is proceeding pro se and is currently incarcerated, the Court determines that the imposition of a $450.00 monetary sanction on plaintiff is appropriate. In imposing that sanction, the Court would note that the monetary sanction does not include any of the attorney's fees which defendants have incurred as a result of plaintiff's repeated failures to appear for his deposition and the court conference. Plaintiff shall pay to defendants' counsel the sum of $450.00 within ninety (90) days from the date of the adoption of this Report-Recommendation and Order.

The Court gave serious consideration to dismissing this action. Plaintiff is advised that it is his continuing obligation to keep the Court apprised of his current address. N.D.N.Y.L.R. 10.1(c)(2). The failure to provide a current address to the Court may result in the dismissal of this action. N.D.N.Y.L.R. 41.2(b). Further, it is plaintiff's obligation to appear for a deposition and answer questions at that deposition. Dkt. No. 13 at 5. The failure to appear for a deposition, and answer questions, may result in the dismissal of this action. N.D.N.Y.L.R. 41.2(a). This action may also be dismissed if the plaintiff fails to attend court conferences and appear for the trial of this matter. Id.

### III. Conclusion

For the reasons stated above, it is hereby

**RECOMMENDED** that defendants' motion to dismiss for failure to prosecute (Dkt. No. 37) be **DENIED**; and it is further

**RECOMMENDED** that defendants' motion seeking the imposition of monetary sanctions (Dkt. No. 37) be **GRANTED** to the extent that plaintiff be required to pay defendants' counsel $450.00 within ninety (90) days from the date of the adoption of this Report-Recommendation and Order; and it is further

**ORDERED** that the Clerk of the Court serve copies of this Report-Recommendation and Order on the parties in accordance with Local Rules.

Pursuant to 28 U.S.C. § 636(b)(1), the parties may lodge written objections to the foregoing report. Such objections shall be filed with the Clerk of the Court. **FAILURE TO OBJECT TO THIS REPORT WITHIN FOURTEEN (14) DAYS WILL PRECLUDE APPELLATE REVIEW**. Roldan v. Racette, 984 F.2d 85, 89 (2d Cir. 1993); Small v. Sec'y of HHS, 892 F.2d 15 (2d Cir. 1989); see also 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72, 6(a), 6(e).

Dated:     April 25, 2016
              Albany, New York

*Christian F. Hummel*
Christian F. Hummel
U.S. Magistrate Judge