**UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK**
_____

**JOSHUA CONKLIN,**

                    **Plaintiff,**              **9:14-cv-1098
                                                           (GLS/CFH)**

            **v.**

**SERGEANT M. BOWEN et al.,**

                      **Defendants.**
_____

**APPEARANCES:**                        **OF COUNSEL:**

**FOR THE PLAINTIFF:**
Joshua Conklin
Pro Se
31 Lumber Street
Port Jervis, NY 12771

**FOR THE DEFENDANTS:**
HON. ERIC T. SCHNEIDERMAN      LYNN M. KNAPP BLAKE
New York State Attorney General       Assistant Attorney General
The Capitol
Albany, New York 12224

**Gary L. Sharpe
Senior District Judge**

## ORDER

On July 11, 2017, Magistrate Judge Christian F. Hummel filed a

Report-Recommendation and Order (R&R), which recommends that

defendants' motion, (Dkt. No. 52), be denied as it relates to dismissal

pursuant to Fed. R. Civ. P. 41(b), (Dkt. No. 58 at 9), and granted as it relates to partial summary judgment pursuant to Fed. R. Civ. P. 56, (*id.* at 21, 22). Pending before the court are defendants' objections to the recommended denial of their motion to dismiss.[1] (Dkt. No. 59.)

Defendants argue that Judge Hummel did not properly weigh or consider certain relevant factors in reaching his determination that dismissal was not warranted under Rule 41(b). (*Id.* at 2.) Specifically, defendants contend that Judge Hummel did not consider the duration of Conklin's non-compliance with previous court-ordered sanctions, the fact that a sanction less than dismissal would have no efficacy, that Conklin's *pro se* status is not an excuse to disobey court orders, and Conklin's ongoing non-compliance with court orders. (*Id.*) Although these gripes are specific, they nonetheless only trigger review for clear error because they reiterate previous arguments made by defendants in their motion. (*See* Dkt. No. 52, Attach. 11 at 2-5); *see also Almonte v. N.Y.S. Div. of Parole*, No. Civ. 904CV484, 2006 WL 149049, at *5-6 (N.D.N.Y. Jan. 18, 2006). After reviewing the R&R, there is no apparent, let alone clear, error in Judge Hummel's application of the appropriate balancing test. (Dkt. No. 58

---

[1] Conklin has not objected to the R&R.

2

at 4-9) (citing *Lucas v. Miles*, 84 F.3d 532, 535 (2d Cir. 1996)). Accordingly, the court adopts the R&R in its entirety.

Nonetheless, the court is aware that Conklin has failed to appear at three duly-noticed depositions, attend a court-ordered teleconference, and timely provide notice of a changed address on multiple occasions. (Dkt. Nos. 13, 28, 32, 33, 42, 43, 58 at 2-3.) Perhaps most concerning, at the time defendants filed their objection, Conklin had flouted a prior court-ordered sanction for over eight months. (Dkt. No. 46; Dkt. No. 59 at 2.) Although Conklin was incarcerated for the majority of this lawsuit, he was paroled on July 13, 2017, (Dkt. No. 61), yet the court has no reason to believe that he has remedied such noncompliance. His last communication with the court was to belatedly notify it of his address change on July 31, 2017. (Dkt. No. 62.)

As such, Conklin is directed to demonstrate compliance with Judge Hummel's previous order, (Dkt. No. 46), on or before April 6, 2018. In the event that such compliance is not demonstrated, the court will dismiss the complaint pursuant to Rule 41(b) for failure to comply with court orders.

Accordingly, it is hereby

**ORDERED** that the Report-Recommendation and Order (Dkt. No.

3

58) is **ADOPTED** in its entirety; and it is further

**ORDERED** that defendants' motion (Dkt. No. 52) is granted in part and denied in part as follows:

**DENIED** with respect to defendants' motion to dismiss; and

**GRANTED** in all other respects; and it is further

**ORDERED** that the Clerk terminate Doctor Ramineni as a defendant; and it is further

**ORDERED** that plaintiff is directed to demonstrate compliance with the court's monetary sanction of $450.00 on or before April 6, 2018; and it is further

**ORDERED** that the Clerk provide a copy of this Order to the parties in accordance with the Local Rules of Practice.

**IT IS SO ORDERED.**

March 22, 2018
Albany, New York

Gary L. Sharpe
U.S. District Judge