UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

JOSHUA CONKLIN,

               Plaintiff,

                     v.

SERGEANT M. BOWEN et al.,

               Defendants.
_____

9:14-cv-1098
(GLS/CFH)

**APPEARANCES:**                              **OF COUNSEL:**

**FOR THE PLAINTIFF:**
JOSHUA CONKLIN
Plaintiff, *Pro se*
31 Lumber Street
Port Jervis, New York 12771

**FOR THE DEFENDANTS:**
HON. ERIC T. SCHNEIDERMAN       LYNN M. KNAPP BLAKE
New York State Attorney General      Assistant Attorney General
The Capitol
Albany, New York 12224

**Gary L. Sharpe**
**Senior District Judge**

## DECISION AND ORDER

      The court cannot locate *pro se* plaintiff Joshua Conklin. Accordingly,

it considers *sua sponte* plaintiff's noncompliance with this District's Local

Rules by failing to notify the court of his current address and by not prosecuting his action.

On September 5, 2014, plaintiff filed a civil rights action. (Dkt. No. 1.) On November 20, 2014, the court issued an order granting plaintiff's in forma pauperis application and directed the clerk to issue summons and forward to the U.S. Marshal for service on defendant. Plaintiff was placed on notice of his requirement to promptly notify the Clerk's Office and all parties or their counsel, in writing, of any change in his address; his failure to do so will result in the dismissal of this action. (Dkt. No. 5.) This District has expended considerable effort in order to familiarize *pro se* litigants with the Local Rules by reminding them of their obligations in various documents and orders mailed to them, and by preparing a Pro Se Handbook that is easily accessible on the court's website. In fact, copies of the Handbook have been provided to all prison libraries in the Northern District.

In relevant part, Local Rule 10.1(c)(2) provides:

> **[P]ro se litigants must immediately notify the Court of any change of address.** Parties must file the notice of change of address with the Clerk and serve the same on all other parties to the action. The notice must identify each and every action to which

the notice shall apply.

In turn, Local Rule 41.2(b) provides that the "[f]ailure to notify the Court of a change of address in accordance with L.R. 10.1(c)(2) may result in the dismissal of any pending action."

In fact, while this litigation has been pending, plaintiff has acknowledged this obligation by filing or advising a change of address on four (4) separate occasions.  (Dkt. Nos. 29, 35, 48 and 62.)

Local Rule 41.2(b) mirrors Rule 41(b) of the Federal Rules of Civil Procedure, which affords the court discretionary authority to dismiss an action because of the failure to prosecute or to comply with any order of the court.  *See Link v. Wabash R.R. Co.*, 370 U.S. 626, 633 (1962); *see also Lyell Theater Corp. v. Loews Corp.*, 682 F.2d 37, 43 (2d Cir. 1982).

On March 22, 2018, the court issued an order adopting Judge Hummel's Report-Recommendation and Order and directed plaintiff to demonstrate compliance with the court's monetary sanction on or before April 6, 2018.  (Dkt. No. 66.)  The Clerk mailed a copy to plaintiff's last known address.  The Order was marked "Return to sender - attempted not known - unable to forward."  (Dkt. Nos. 67, 68.)

For the orderly disposition of cases, it is essential that litigants honor

3

their continuing obligation to keep the court informed of address changes. *See Michaud v. Williams*, No. 98CV1141LEKGLS, 1999 WL 33504430, at *1 (N.D.N.Y. Nov. 5, 1999) (citing *Fenza v. Conklin*, 177 F.R.D. 126 (N.D.N.Y. 1998)).

> It is neither feasible nor legally required that the clerks of the district courts undertake independently to maintain current addresses on all parties to pending actions. It is incumbent upon litigants to inform the clerk of address changes, for it is manifest that communications between the clerk and the parties or their counsel will be conducted principally by mail. In addition to keeping the clerk informed of any change of address, parties are obliged to make timely status inquiries. Address changes normally would be reflected by those inquiries if made in writing.

*Dansby v. Albany Cty. Corr. Facility Staff*, No. 95-CV-1525, 1996 WL 172699 (N.D.N.Y. Apr. 10, 1996) (quoting *Perkins v. King*, No. 84-3310, slip op. at 4 (5th Cir. May 19, 1985)).

As a matter of course, courts in this District have dismissed actions when litigants have failed to abide by either the Local Rules or orders related to address changes, and have subsequently failed to prosecute their actions. *See Williams v. Faulkner*, No. 95-CV-741, 1998 WL 278288, at *1 (N.D.N.Y. May 20, 1998); *Fenza*, 177 F.R.D. at 126; *Dansby*, 1996 WL 172699.

4

Although the court concludes that it would be an appropriate exercise of discretion to dismiss plaintiff's action at this juncture for failure to notify the court of his address change or to prosecute his action, it nonetheless affords plaintiff additional time, until April 23, 2018, to comply with the court's previous order and this Order in providing an address where plaintiff is able to receive mail.

Accordingly, it is hereby

**ORDERED** that plaintiff be granted until April 23, 2018 to submit his current mailing address to the court, or verify that his mailing address is as listed in the caption of this order and demonstrate compliance with the court's monetary sanction of $450.00, and it is further

**ORDERED** that, if plaintiff fails to comply, the court will *sua sponte* dismiss this action for failure to notify the court of his mailing address change, for failure to prosecute, and failure to comply with the Court's Orders; and it is further

**ORDERED** that the Clerk serve this Decision and Order on the plaintiff at his last know address and on all other parties in accordance with the Local Rules.

**IT IS SO ORDERED.**

April 10, 2018
Albany, New York

Gary L. Sharpe
U.S. District Judge

6